IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Howell IV,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br><br>　　　　Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, WILLIAM HOWELL IV, BY AND THROUGH COUNSEL, Nicholas Linker, Esq., and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Town of Boalsburg, Centre County, Pennsylvania.

4. Venue is proper in the Middle District of Pennsylvania.

## PARTIES

5. Plaintiff is a natural person residing in Town of Boalsburg, Centre County, Pennsylvania.

6. The Defendant to this lawsuit is Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the State of Pennsylvania.

## GENERAL ALLEGATIONS

7. U.S. Dept of Ed is inaccurately reporting its tradelines ("Errant Tradeline") with an erroneous scheduled monthly payment amounts of $50.00 and $31.00 on Plaintiff's Equifax credit disclosure.

8. The account reflected by the Errant Tradelines are closed with $0.00 balance. Plaintiff no longer has an obligation to make monthly payments to U.S. Det of Ed. This creditor has accelerated the balance due and hence Plaintiff no longer has the right nor obligation to satisfy these debts in installment payments.

9. The Errant Tradelines should be reported by U.S. Dept of Ed with a scheduled monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual

created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On February 10, 2021, Plaintiff obtained his Equifax credit disclosure and noticed the tradelines reporting with an erroneous scheduled monthly payment amount.

11. On or about April 23, 2021, Plaintiff submitted a letter to Equifax disputing the Errant Tradelines.

12. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradelines were closed. Plaintiff no longer has an obligation to make monthly payments to U.S. Dept of Ed. He asked Equifax to report the Errant Tradelines with the scheduled monthly payment amount as $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to U.S. Dept of Ed. U.S. Dept of Ed received Plaintiff's consumer dispute from Equifax.

14. On June 3, 2021, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and U.S. Dept of Ed failed or refused to report the scheduled monthly payment amount as $0.00.

15. The Errant Tradelines are false and misleading to any user of the Plaintiff's credit report who would consider extending credit to the Plaintiff. The Errant Tradelines creates a false impression to potential credit grantors that Plaintiff continues to have a monthly obligation on a debt when, in fact there is no such

monthly obligation. This causes the Plaintiff damage by reducing the Plaintiff's opportunities for credit, jobs and employment.

16. As a direct and proximate cause of the Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

19. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

20. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

21. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

22. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

23. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

26. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

27. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

28. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

30. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: September 9, 2021

By: /s/ Nicholas Linker
Nicholas Linker, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
E-mail: NL@zemellawllc.com
*Attorneys for Plaintiff,*
*William Howell IV*