# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Howell IV, <br><br> Plaintiff, <br><br> vs. <br><br> Equifax Information Services, LLC, Experian Information Solutions, Inc., and Synchrony Bank, <br><br> Defendants. | Case No.: 4:21-cv-01550-MWB <br><br> **FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, WILLIAM HOWELL IV, BY AND THROUGH COUNSEL, Nicholas Linker, Esq., and for his First Amended Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Town of Boalsburg, Centre County, Pennsylvania.

4. Venue is proper in the Middle District of Pennsylvania.

## PARTIES

5. Plaintiff is a natural person residing in Town of Boalsburg, Centre County, Pennsylvania.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the State of Pennsylvania;

    b. Experian Information Solutions, Inc. ("Experian"), which is a foreign corporation that conducts business in the State of Pennsylvania; and

    c. Synchrony Bank which is a federal savings bank that conducts business in the State of Pennsylvania.

## GENERAL ALLEGATIONS

7. U.S. Dept of Ed and Synchrony Bank (collectively "Furnishers") are inaccurately reporting its respective tradelines ("Errant Tradelines") with an erroneous scheduled monthly payment on Plaintiff's Equifax and Experian ("CRAs") credit disclosures.

8. U.S. Dept of Ed is inaccurately reporting its tradelines with an erroneous scheduled monthly payment amounts of $50.00 and $31.00 on Plaintiff's Equifax credit disclosure.

9. Synchrony Bank is inaccurately reporting its tradeline with an erroneous scheduled monthly payment amount of $24.00 on Plaintiff's Experian credit disclosure.

10. The accounts reflected by the Errant Tradelines are closed with $0.00 balance. Plaintiff no longer has an obligation to make monthly payments to the Furnishers.  This creditors have accelerated the balance due and hence Plaintiff no longer has the right nor obligation to satisfy these debts in installment payments.

11. The Errant Tradelines should be reported by the Furnishers with a scheduled monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

12. On February 10, 2021, Plaintiff obtained his Equifax credit disclosure and noticed the U.S. Dept of Ed tradelines reporting with an erroneous scheduled monthly payment amount.

13. On March 12, 2021, Plaintiff obtained his Experian credit disclosure and noticed the Synchrony Bank tradeline reporting with an erroneous scheduled monthly payment amount.

14. On or about April 23, 2021, Plaintiff submitted a letter to the CRAs disputing the Errant Tradelines.

15. In his dispute letters, Plaintiff explained that the account reflected by the Errant Tradelines were closed. Plaintiff no longer has an obligation to make monthly payments to the Furnishers. He asked CRAs to report the Errant Tradelines with the scheduled monthly payment amount as $0.00.

16. The CRAs forwarded Plaintiff's consumer dispute to the Furnishers. The furnishers received Plaintiff's consumer dispute from CRAs.

17. On June 3, 2021, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and U.S. Dept of Ed failed or refused to report the scheduled monthly payment amount as $0.00.

18. On September 16, 2021, a prospective lender, JP Morgan Chase Bank, obtained Plaintiff's CRAs credit files.

19. On January 10, 2022, Plaintiff obtained his Experian credit disclosure, which showed that Experian and Synchrony Bank failed or refused to report the scheduled monthly payment amount as $0.00.

20. The Errant Tradelines are false and misleading to any user of the Plaintiff's credit reports who would consider extending credit to the Plaintiff. The Errant Tradelines creates a false impression to potential credit grantors that Plaintiff continues to have a monthly obligation on a debt when, in fact there is no such

monthly obligation. This causes the Plaintiff damage by reducing the Plaintiff's opportunities for credit, jobs and employment.

21. As a direct and proximate cause of the Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK**

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Experian of Plaintiff's consumer dispute of the scheduled monthly payment, Synchrony Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

24 Synchrony Bank negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian

to report the Errant Tradeline with a scheduled monthly payment amount of $0.00.

25. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

26. As a direct and proximate cause of Synchrony Bank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment. Synchrony Bank's FCRA violations has cause Plaintiff stress, resulting in weight gain, and frustration.

27. Synchrony Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Plaintiff has a private right of action to assert claims against Synchrony Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Synchrony Bank for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Synchrony Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

31. Synchrony Bank willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

32. As a direct and proximate cause of Synchrony Bank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment. Synchrony Bank's FCRA violations has cause Plaintiff stress, resulting in weight gain, and frustration.

33. Synchrony Bank is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Synchrony Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

36. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

38. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment. Equifax's FCRA violations has cause Plaintiff stress, resulting in weight gain, and frustration.

40. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

43. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

44. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

45. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment. Equifax's FCRA violations has cause Plaintiff stress, resulting in weight gain, and frustration.

47. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

50. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

51. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

52. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment. Experian's FCRA violations has cause Plaintiff stress, resulting in weight gain, and frustration.

54. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

57. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

58. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

59. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment. Experian's FCRA violations has cause Plaintiff stress, resulting in weight gain, and frustration.

61. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  February 14, 2022

By: /s/ Nicholas Linker
Nicholas Linker, Esq.
Zemel Law LLC
660  Broadway
Paterson, NJ 07514
T: (862) 227-3106
E-mail: NL@zemellawllc.com
*Attorneys for Plaintiff,*
 *William Howell IV*